**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

A.D., R.G., T.B., E.W., M.H., S.B., C.C., K.F., C.M., A.O., A.H. and C.A., *individually and on behalf of all others similarly situated*,

*Plaintiffs*,

v.

ASPEN DENTAL MANAGEMENT, INC.,

*Defendant*.

Case No. 1:24-cv-01404

Judge Virginia M. Kendall

**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY**
**IN SUPPORT OF RULE 12(b)(6) MOTION TO DIMISS**

Plaintiffs A.D., R.G., T.B., E.W., M.H., S.B., C.C., K.F., C.M., A.O., A.H. and C.A., respectfully submit this brief sur-reply to address a single but important issue raised in Aspen Dental Management, Inc.'s Reply in Support of Rule 12(b)(6) Motion to Dismiss. *See* ECF 33.

In its Reply Brief, Defendant initially cites *B.K. v. Eisenhower Medical Center*, 2024 WL 878100, at *4 (C.D. Cal. Feb. 29, 2024), and notes that partial reconsideration was granted, 2024 WL 2037404 (C.D. Cal. Apr. 11, 2024), via inline citation. *See* ECF 33 at 3. However, in order to provide putative support for its contention that "developing precedent" favors the dismissal of Electronic Communications Privacy Act, 18 U.S.C. § 2511(1) ("ECPA"), claims in pixel-related class action litigation, Defendant—pages later—relies on the reconsidered *Eisenhower* Order without ***apprising this Court that the exact cited language and reasoning was subject to reconsideration***. *Compare* Reply at 5-6 (discussing & relying on the February 29, 2024 decision), *with* 2024 WL 2037404 at *4.

To prevent any potential confusion created by Defendant's analysis in its Reply, Plaintiffs want to make clear that the February 29, 2024 Order in *Eisenhower* was partially reconsidered. *See* 2024 WL 2037404. There, the plaintiffs were allowed to file an amended complaint to cure any pleading deficiencies for claims brought pursuant to the ECPA and the California Invasion of Privacy Act, California Penal Code § 630 ("CIPA"). *Id*. at *4.[1] What Defendant construes as "developing precedent" is simply not the case in this district nor nationwide as Plaintiffs' opposition makes clear. *See* ECF 30 at 12 & 20-31; *see also R.C. v. Walgreen Co.*, 2024 WL 2263395, at *16 (C.D. Cal. May 9, 2024) (Judge Bernal, denying motion to dismiss ECPA and CIPA claims in a pixel-tracking class action *after* issuance of his reconsideration opinion in *Eisenhower* because "[s]uch information reveals a substantive message about Plaintiffs' health concerns") (citing *Cousin v. Sharp Health*care, 2023 WL 8007350, at *5 (S.D. Cal. Nov. 17, 2023)).

Date: June 11, 2024

Respectfully submitted,

By: /s/ *David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue

---

[1] The procedural arc of the *Eisenhower* case in California is similar to *Kurowski v. Rush System For Health*. There, Judge Kennelly initially granted a Rule 12(b)(6) motion to dismiss plaintiffs ECPA claim but found breach of contract and Illinois Eavesdropping claims adequately pleaded. *See* 2023 WL 4707184 (N.D. Ill. July 24, 2023) ("*Kurowski II*"). Subsequently, in *Kurowski v. Rush System For Health*, 2023 WL 8544084, at *3 (N.D. Ill. Dec. 11, 2023) ("*Kurowski III*"), Judge Kennelly permitted plaintiffs leave to re-plead certain claims, such as ECPA finding that the proposed amended complaint "plausibly states a claim for relief under the Wiretap Act." Defendant here tries to distance itself from not only *Kurowski III* but also the long (and growing) line of cases finding claims similar to those pleaded by Plaintiffs withstand Rule 12(b)(6) challenges. *See, e.g.*, *Hartley v. Univ. of Chicago Med. Ctr.*, 2024 WL 1886909, at *2 (N.D. Ill. Apr. 30, 2024) (denying motion to dismiss ECPA claim); *Mekhail v. N. Mem'l Health Care*, 2024 WL 1332260, at *6 (D. Minn. Mar. 28, 2024) (same); *Kane v. Univ. of Rochester*, 2024 WL 1178340, at *8 (W.D.N.Y. Mar. 19, 2024) (same). This Court should find the same.

Chicago, Illinois 60614
Ph: (312) 576-3024
david@almeidalawgroup.com
britany@almeidalawgroup.com

**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
Brandon M. Wise (ARDC 6319580)
One U.S. Bank Plaza, Suite 1950
St. Louis, MO 63101
Ph: (314) 833-4825
bwise@peifferwolf.com

Andrew Ready Tate – GA Bar #518068*
235 Peachtree Street NE, Suite 400
Atlanta, GA 30303
Ph: (404) 282-4806
atate@peifferwolf.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs & the Putative Classes*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on June 11, 2024, I filed the attached with the Clerk of the Court using the Court's electronic filing system which will send such filing to all attorneys of record.

*/s/ David S. Almeida*