**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| A.D., R.G., T.B., E.W., M.H., S.B., C.C., K.F., C.M., A.O., A.H., and C.A., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>ASPEN DENTAL MANAGEMENT, INC.,<br><br>Defendant. | Case No. 1:24-cv-01404<br>Hon. Virginia M. Kendall |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Aspen Dental Management, Inc. ("Aspen Dental") respectfully submits the decision in *American Hospital Association v. Becerra*, --- F. Supp. 3d ----, 2024 WL 3075865 (N.D. Tex. June 20, 2024), as supplemental authority in support of Aspen Dental's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Amended Complaint.

Aspen Dental presents this authority to the Court because plaintiffs have made the Department of Health and Human Services' recent "tracking technologies" guidance a central theme of their amended complaint. (*See* ECF No. 7, Am. Compl. ¶¶ 33 n. 19, 37-38 n. 22, 41, 43 n. 25, 50 n. 27, 78 n. 32, 81-82, 216-217, 234-239; *see also* ECF No. 30, Opp. Br. at 1-2, 7-10; ECF No. 39, Sur-Reply at 2 (all making arguments based on the guidance or Aspen Dental's alleged HIPAA violations).)

In the *American Hospital Association* decision, the federal district court vacated the Department's tracking technologies guidance, at least in so far as applied to the "unauthenticated" portion of healthcare provider public websites. *See* Ex. A, *American Hospital Ass'n*, 2024 WL 3075865, at *13. The court held the guidance exceeded the scope of the Department's regulatory authority under HIPAA, as the transfer of an Internet protocol address in combination with information regarding a

search for a healthcare condition does not constitute "individually identifiable health information" under Congress's statutory definition for the term. *See id.* at n.7 (collecting cases). As the court concluded: "[T]he closest the Proscribed Combination gets to IIHI is a speculative inference extrapolated from (but unsubstantiated by) collected metadata"; thus also, "[b]ecause the Proscribed Combination facially exceeds HIPAA's unambiguous text, the Court need not consider the Parties' other arguments." *Id.* at *14.

A copy of the *American Hospital Association* decision is attached as Exhibit A.

Dated: June 27, 2024

Respectfully submitted,

*/s/ Bonnie Keane DelGobbo*

Joel Griswold
Bonnie Keane DelGobbo
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
(312) 416-6200 (phone)
(312) 416-6201 (fax)
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com

Melissa M. Bilancini (*pro hac vice* forthcoming)
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 621-0200 (phone)
mbilancini@bakerlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

*/s/ Bonnie Keane DelGobbo*
Bonnie Keane DelGobbo