**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

A.D., R.G., T.B., E.W., M.H., S.B., C.C., K.F., C.M., A.O., A.H. and C.A., *individually and on behalf of all others similarly situated*,

*Plaintiffs*,

v.

ASPEN DENTAL MANAGEMENT, INC.,

*Defendant*.

Case No. 1:24-cv-01404

Judge Virginia M. Kendall

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs A.D., R.G., T.B., E.W., M.H., S.B., C.C., K.F., C.M., A.O., A.H. and C.A., ("Plaintiffs") hereby respond to Defendant Aspen Dental Management Inc.'s ("Aspen Dental" or "Defendant") Notice of Supplemental Authority (ECF No. 40).

1. On June 27, 2024, Defendant filed a Notice of Supplemental Authority presenting a recent decision from the United States District Court for the Northern District of Texas, *American Hospital Association v. Becerra*, No. 4:23-CV-01110-P, 2024 WL 3075865 (N.D. Tex. June 20, 2024) ("*AHA v. Becerra*") because, according to Defendant, "plaintiffs have made the Department of Health and Human Services' recent 'tracking technologies' guidance a central theme of their amended complaint." (ECF No. 40 at 1).

2. Aspen Dental presents the *AHA v. Becerra* decision in order to create the misapprehension that (i) Plaintiffs' claims are based on the OCR Guidance, (ii) that such guidance has been vacated and (iii) therefore Defendant's motion to dismiss Plaintiffs' First Amended Complaint should be granted. (ECF No. 40 at 1-2). Defendant makes this argument despite the fact

that *AHA v. Becerra* governs only a discrete issue not germane to Plaintiffs' claims as not one of their claims is based on a violation of the OCR Guidance.

3. In *AHA v. Becerra*, Judge Pittman evaluated whether the Department of Health and Human Services ("HHS") exceeded its authority when it—by its December 2022 guidance (termed the "Original Bulletin" and as revised by its March 2024 "Revised Bulletin")—included circumstances where an online technology connects (i) an individual's internet protocol ("IP") address with (ii) a visit to an unauthenticated public website ("UPW") addressing specific health conditions or healthcare providers (defined as the "Proscribed Combination"). *See* 2024 WL 3075865, at *2.

4. The *AHA v. Becerra* decision focuses exclusively on whether that "Proscribed Combination" was an example to highlight existent privacy concerns as reflected in the HIPAA Privacy Rule, as HHS contended, or was an entirely new obligation, as plaintiffs, two hospital associations and a regional healthcare system, contended. *See, e.g.*, *id.* at *6 (stating that "much hinges on that distinction. If the Proscribed Combination isn't IIHI, the Privacy Rule doesn't apply. On the other hand, if the Proscribed Combination constitutes IIHI, covered entities have a host of legal obligations to ensure HIPAA compliance. And if the Proscribed Combination is novel, as the Hospitals contend, then these legal obligations are necessarily new") (cleaned up).

5. This case, however, does ***not*** concern the use by Plaintiffs of unauthenticated or public websites and the concomitant disclosure of their IP addresses. Rather, this case challenges Aspen Dental's use of tracking technologies, including the Meta Pixel, to collect and to disclose Plaintiffs' sensitive health information, including individually identifiable health information ("IIHI"), to third parties—such as Meta—without their knowledge or consent. *See, e.g.*, FAC, ¶ 111 ("The Private Information disclosed via the Pixel allows Facebook to know that a specific

User is seeking confidential medical care and the type of medical care being sought."); ¶¶ 6-7, 28, 96 & 145 (detailing the specific non-public Private Information that Aspen Dental collected and disclosed to third parties, such as *appointment scheduling for specific conditions*); ¶ 145, fig. 3 (showing a demonstrative screenshot of the Metal Pixel transmitting a user's request to make an appointment regarding dentures along with the user's c_user ID cookie, a Facebook identifier that Meta linked to that specific User's identity on Facebook).

6. *AHA v. Becerra* amply supports Plaintiffs' position that covered entities—such as Aspen Dental—may *not* use tracking technologies to collect and to disclose individually identifiable health information ("IIHI") protected under HIPAA's Privacy Rule to third parties such as Facebook and Google. Aspen Dental's obligation to protect IIHI is not changed or in any way diminished by *AHA v. Becerra*; in fact, the decision reinforces virtually all aspects of the OCR Guidance and, more importantly, reinforces the notion that website users who navigate Aspen Dental's webpages have a reasonable expectation of privacy when they, among other things, (i) search for conditions and treatments related to their medical care, (ii) book an appointment for themselves or (iii) provide Private Information in the process of booking an appointment and that Aspen Dental violated those privacy rights when it disclosed their sensitive and private health information to third parties through the use and implementation of various tracking technologies. *AHA v. Becerra,* 2024 WL 3075865, at *4, n.3 ("The Revised Bulletin contains an array of guidance for covered entities, much of which is both legally and pragmatically sound."); *see also id*. at *2 (stating that "[l]ike most guidance documents, the Original Bulletin reminded covered entities of their obligation to protect IIHI") & *id*. at *31, n.3 (stating that the court's limited vacatur of the Revised Bulletin with respect to the Proscribed Combination "is not intended to, and should

not be construed as, limiting the legal operability of other guidance in the germane HHS document").[1]

Date: June 28, 2024

Respectfully submitted,

By: /s/ *David S. Almeida*

**ALMEIDA LAW GROUP LLC**
David S. Almeida (ARDC 6285557)
Britany A. Kabakov (ARDC 6336126)
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024 (phone)
david@almeidalawgroup.com
britany@almeidalawgroup.com

**PEIFFER WOLF CARR**
**KANE CONWAY & WISE, LLP**
Brandon M. Wise (ARDC 6319580)
One U.S. Bank Plaza, Suite 1950
St. Louis, MO 63101
Ph: (314) 833-4825
bwise@peifferwolf.com

Andrew Ready Tate – GA Bar #518068*
235 Peachtree Street NE, Suite 400
Atlanta, GA 30303
Ph: (404) 282-4806
atate@peifferwolf.com

*admitted *pro hac vice*

*Attorneys for Plaintiffs & the Putative Classes*

[1] Furthermore, the Federal Trade Commission's bulletin on the same topics remains untouched as do the FTC's numerous enforcement actions against healthcare providers for committing the same actions alleged herein. *See, e.g.*, FAC, ¶¶ 74-77 (discussing the FTC guidance and enforcement actions).

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on June 28, 2024, I filed the attached with the Clerk of the Court using the Court's electronic filing system and will send such filing to all attorneys of record.

*/s/ David S. Almeida*